Filed 07/18/24

VERMONT SUPERIOR COURT

Lamoille Unit
154 Main Street
Hyde Park VT 05655
802-888-3887
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-01048

---

**In Re: Trust Estate of Jay Friedenson u/t/a 8/27/21**

---

## ENTRY REGARDING MOTION

Title:      Motion to Dismiss; Appellant Memo for Lack of Prosecution;  (Motion: 1; )
Filer:      Noah A Greenstein; Jon R. Eggleston
Filed Date: June 14, 2024; June 20, 2024
The motions are DENIED.

This is a probate appeal concerning the interpretation of a specific trust provision. The parties agree that no discovery or trial is necessary in this matter, and that the issue is reviewable and resolvable on motion and briefing.

At the initial status conference in this matter held on May 6, 2024, Appellants agreed to submit briefing on this issue in 30 days. Following the expiration of 30 days, Appellants had not filed a brief, and Appellee moved to dismiss for lack of prosecution under V.R.C.P. 41(b). Shortly thereafter, Appellants filed their promised brief competently and ably laying out the issue and providing the Court with the necessary briefing to review and decision the sole issue on appeal. Based on Appellant's filing, the short delay, and the fact that the initial deadline was self-imposed and not jurisdictional, the Court **DENIES** Appellees' motion to dismiss under V.R.C.P. 41(b).[1]

Turning to the substance of the appeal, the issue is straightforward. Jay P. Friedenson established a Trust in 2001, of which he and his wife, Ingrid Friedenson were co-trustees. Upon Mr. Friedenson's death in November 2021, Ms. Friedenson became the sole trustee and primary beneficiary of the trust. Upon Mr. Friedenson's death the Trust, which had been revocable became

---

[1] The Court would strongly recommend in the future that counsel contact opposing counsel to determine the nature of the delay as the Court is unlikely, absent outstanding circumstances, to grant a dismissal for lack of prosecution after a self-imposed/non-jurisdictional deadline and less than 30 days have elapsed between the deadline and the motion to dismiss. This is because dismissal is an ultimate sanction, and it is not one that the Court can enter absent specific, well-established facts showing either willful non-compliance or abandonment of the case. See *State v Howe Cleaners, Inc.*, 2010 VT 70, ¶ 18 (noting that dismissal is an ultimate sanction and requires specific findings or basis).

irrevocable. Upon Ms. Friedenson's passing, Mr. Friedenson's two adult daughters will become the primary beneficiaries of the Trust.

Under 14A V.S.A. § 813, trustees have specific notification duties toward "qualified beneficiaries" as that term is defined in 14A V.S.A. § 103(13)(A). The relevant duties under Section 813 to the present appeal are defined as follow:

> (a) A trustee shall keep the qualified beneficiaries of the trust reasonably informed about the administration of the trust and of the material facts necessary for them to protect their interests. Unless unreasonable under the circumstances, a trustee shall promptly respond to a beneficiary's request for information related to the administration of the trust. Notice does not need to be provided to the Attorney General by the trustee of a charitable trust under this section except upon request by the Attorney General or as provided in subsection (f) of this section.
>
> (b) A trustee:
>
> (1) upon request of a beneficiary, shall promptly furnish to the beneficiary a copy of the trust instrument;
>
> (2) within 60 days after accepting a trusteeship, shall notify the qualified beneficiaries of the acceptance and of the trustee's name, address, and telephone number;
>
> (3) within 60 days after the date the trustee acquires knowledge of the creation of an irrevocable trust, or the date the trustee acquires knowledge that a formerly revocable trust has become irrevocable, whether by the death of the settlor or otherwise, shall notify the qualified beneficiaries of the trust's existence, of the identity of the settlor or settlors, of the right to request a copy of the trust instrument, and of the right to a trustee's report as provided in subsection (c) of this section; and
>
> (4) shall notify the qualified beneficiaries in advance of any change in the method or rate of the trustee's compensation.

14 V.S.A. § 813.

The Trust provisions under title 14A are enabling statutes that are intended to primarily serve as default provisions, but which may be modified, waived, or altered by the specific terms and provisions of the trust document. 14A V.S.A. § 105. While section 105 does indicate that certain provisions of the Trust Code are mandatory and may not be altered, none of the provisions of Section 813 fall into the ambit of these mandatory exceptions.

As part of the Friedenson Trust, the Settlor included the following provision under subsection (f) of Article 2.2:

> <u>Duty to Inform and Report</u>. Following my death and during my Spouse's lifetime, the Trustee shall only have a duty to inform and report to my Spouse and shall have no duty to inform and report to any beneficiary other than my Spouse. In addition,

following my Spouse's death, in informing qualified beneficiaries pursuant to 14A V.S.A. § 813(b)(3), the Trustee shall only be required to provide a qualified beneficiary with a copy or copies of the portion(s) of this Agreement that pertain to such qualified beneficiary's beneficial interest in the Trust estate.

The parties agree that the first sentence of this provision addresses and modifies the current Trustee's obligation to report to and to inform any beneficiaries about the administration and specifics of the Friedenson Trust. Appellants frame the first sentence as modifying the Trustee's report and information obligations under 14A V.S.A. § 813(a). Appellee argues that the sentence applies more broadly. The parties then focus their dispute on the second sentence. Appellants argue that this second sentence is intended as an alternative scenario that would apply if Ms. Friedenson had pre-deceased Mr. Friedenson, and that because she survived, the obligations of Section 813(b)(3) remain in effect.

While Appellant's reasoning concerning the second sentence is not unreasonable, it is largely unnecessary because the language of the first sentence is broader than Appellants admit. The first sentence of Section 2.2(f) of the Trust Agreement uses the term "duty to inform and report," which applies to all of Section 813 and not just Section 813(a). There is no indication in the plain language of the first sentence that it is intended to be limited to only portions of Section 813, and the language creates no ambiguity that would reasonable permit such an interpretation. The language is broad enough to address all information and reporting duties arising under the statute, and there is no compelling language to read Section 813(b)(3) out of the first sentence.

While this first sentence largely resolves the current dispute in which Appellants have sought information about the Friedenson Trust in the wake of their father's passing, the Court will also address the second sentence.

In this respect, it is helpful to consider how the two sentences function with each other. The first sentence controls in the present situation because Mr. Friedenson predeceased Ms. Friedenson. That event triggered the terms in the first sentence that instruct the Trustee to withhold trust information and reports from all other qualified beneficiaries other than Ms. Friedenson. The second sentence, which posits itself as an addition—not an alternative—to the first sentence, applies to three potential situations: (1) where Mr. Friedenson had survived Ms. Friedenson; (2) where Mr. and Ms. Friedenson had passed away at the same time; or (3) where following the passing of Ms. Friedenson, the successor trustee is deemed to have an on-going obligation under the provisions of

Section 813(b)(3) to provide copies of the Friedenson Trust, information about the Trust, and corresponding reports to the beneficiaries.

Each of these provisions extends the intent of the first sentence to slightly different factual scenarios that compliment and correspond to the intent of the first sentence, which is to limit the amount of information the Appellants and other qualified beneficiaries can receive from the any successor trustees. In this respect, the second sentence does not create an alternative right to information upon Mr. Friedenson's passing, but rather it provides additional provisions to ensure that the flow of information to the trustees remains limited.

While this runs contrary to the provisions of Section 813, it was within Mr. Friedenson's authority to implement such provisions, and it is the role of the Court to simply interpret and apply them to fulfill the settlor's intent. Nothing in the two sentences contradict the other or require disclosure at this time inconsistent with Trustee's position.

## ORDER

Based on the foregoing, the Probate Division's decision is **AFFIRMED** and the present appeal is **DISMISSED.**

Electronically signed on 7/18/2024 3:27 PM pursuant to V.R.E.F. 9(d)

_____

Daniel Richardson
Superior Court Judge